**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|                                      |     |                             |
| ------------------------------------ | --- | --------------------------- |
| **UNITED STATES OF AMERICA**         | )   |                             |
|                                      | )   |                             |
| **v.**                               | )   | **CASE NO: 6:16-cr-221-Orl-18DCI** |
|                                      | )   |                             |
| **PAUL R. JOHNSON, JR.**             | )   |                             |
|                                      | )   |                             |

---

### SENTENCING MEMORANDUM

---

Paul R. Johnson, Jr., by and through his undersigned counsel, respectfully submits this sentencing memorandum in support of his request for a sentence below the applicable advisory guideline range.  Mr. Johnson requests that this Honorable Court determine a variance from the applicable guideline range is appropriate under 18 U.S.C. § 3553 and impose a sentence that is sufficient but not greater than necessary to achieve the goals of sentencing.

### PROCEDURAL HISTORY

Mr. Johnson was indicted by the grand jury for the Middle District of Florida on November 16, 2016.  Doc. 1. Mr. Johnson was indicted on four counts of possession of a firearm by a convicted felon and three counts of possession with intent to distribute a controlled substance.  *Id*.  He appeared in federal court by writ of habeas corpus for initial appearance December 9, 2016 and was ordered detained pending the final resolution of the federal case. Doc. 11.  On February 24, 2017, Mr. Johnson accepted responsibility

and entered a plea of guilty to all seven counts of the indictment, without the benefit of a written plea agreement.  Doc. 25.  He is now before this Court for sentencing.

### Sentencing Objections

Pursuant to U.S.S.G § 6A1.3, when there is a factor important to determining the sentence in dispute, the party seeking the enhancement or reduction bears the burden of providing information that has sufficient indicia of reliability to support its accuracy. U.S.S.G. § 6A1.3.   Here, the government is seeking the enhancement of Mr. Johnson's sentence under U.S.S.G. § 2K2.1 enhancements, Career Offender, and the ACCA; thus, Mr. Johnson submits that the government must establish by a preponderance of the evidence the facts necessary to support the sentencing enhancement.  *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

> Preponderance of the evidence is not a high standard of proof. It is not, however, a *toothless* standard either, and a district court may not abdicate its responsibility to ensure that the prosecution meets this standard before adding months or years onto a defendant's prison sentence.

*Id*.

### "Base Offense Level Calculation" and "Career Offender" Objections

Mr. Johnson objects to both the base offense level calculation of 24 and being scored as a career offender. These two objections are grounded upon the premise that Mr. Johnson has two qualifying felony offenses that receive criminal history points. Pursuant to U.S.S.G. § 2K2.1, the base offense level is calculated at 24 if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.  The PSR

indicates that Mr. Johnson has two felony qualifying convictions: 1) Sale of cocaine and possession of cocaine, Case # 04-CF-37519; and 2) Sale of cocaine within 1000 feet of a church, Case # 04-CF-39825.

Under U.S.S.G. § 2K2.1 *commentary application note 10*, "For purposes of applying subsection (a)(1), (2), (3), or (4)(A), use only those felony convictions that received criminal history points under §4A1.1(a), (b), or (c).  In addition, for purposes of applying subsection (a)(1) and (a)(2), use only those felony convictions that are counted separately under §4A1.1(a), (b), or (c).   In regards to the career offender scoring, pursuant to U.S.S.G. § 4A1.2(a)(2), If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. If there is no intervening arrest, prior sentences are counted separately unless (B) the sentences were imposed on the same day.

Mr. Johnson objects to these two offenses receiving separate criminal history points and being counted separately.  Here, the record is clear that Mr. Johnson was arrested on the same day, February 10, 2005, for two offenses that occurred on the same day, October 1, 2013.  The judgments in these two cases, however, are unclear as to when the sentences were imposed.  The judgment for case 2004-CR-39825 appears to have an original date of August 16, 2005 that was at some point scratched out and a new date of October 4, 2006 was entered.

The onus is on the government to establish that the offenses have separate conviction dates.  Mr. Johnson submits to the Court that the record is unclear to rise to the level of preponderance of the evidence; and that the rule of lenity suggests that the

Court hold that such error should weigh in favor of the defendant, thereby not enhancing his sentence based on uncertainty.

### *"In Connection with Another Felony Offense" Objection*

Mr. Johnson objects to the four-level increase under U.S.S.G. § 2K2.1(b)(4)(B). PSR ¶ 29. Pursuant to U.S.S.G. § 2K2.1 *commentary application note 14(A)*, this section is only available where the firearm or ammunition facilitated, or had the potential of facilitating another felony offense. The facts of this case do not support the enhancement. Here, Mr. Johnson possessed small amounts of illicit substances and did not use the firearm to protect or facilitate the sale of the drugs.

Although U.S.S.G. § 2K2.1 fails to provide a definition for "in connection with" the Eleventh Circuit has concluded that courts should give "in connection with" its ordinary meaning. *United States v. Cox*, 188 Fed. Appx. 889, 895 (11th Cir. 2006) (citing, *United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002)). If the firearm is merely coincidental to the other felony offense then the Court should find that the four-level enhancement is improper. *Rhind*, 289 F.3d at 694. In *Cox*, the court found that the four-level enhancement was proper because the defendant's possession of the firearm was not a mere coincidence unrelated to the underlying felony. Alternatively, that the defendant in *Cox* possessed the firearm to protect his drug operation. *Cox*, 188 Fed. Appx. at 895. To further support the enhancement in *Cox*, the court found that the defendant kept marijuana, a digital scale, baggies, and more than $6,000 in cash in his bedroom.

Unlike the defendant in *Cox*, Mr. Johnson did not have a large quantify of drugs nor did he have scales or other items that would suggest trafficking. Additionally, there is no evidence that Mr. Johnson was using the firearms to protect the drugs. Conversely, on each occasion, Mr. Johnson sold the only firearm that was in his possession. The confidential informant in this case made a request to purchase firearms and drugs. Mr. Johnson provided the requested items to the confidential informant which concluded his involvement in the matter. The government fails to establish that Mr. Johnson was using these firearms to protect the drugs or to facilitate trafficking of drugs.

This case is not in accord with the purpose of U.S.S.G. § 2K2.1 *application note 14(B)*, which discusses cases involving drug trafficking. In this case, Mr. Johnson's possession of the firearm did not facilitate or have the potential of facilitating another felony offense. Thus, Mr. Johnson requests that he not receive the four-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B).

### Mr. Johnson Should Not be Sentenced Under the Armed Career Criminal Act (ACCA)

The government must prove that Mr. Johnson's convictions were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010). To meet this burden the government must use only "reliable and specific evidence" which means it is restricted to documents approved by *Shepard v. United States*, 544 U.S. 13 (2005). *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

18 U.S.C. § 924(e), ACCA, provides that, a person convicted of being a felon in possession of a firearm is subject to enhanced penalties if he has at least three previous

5

convictions for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*. (*emphasis added*).    The government seeks to rely on the following convictions: 1) Sale of cocaine and possession of cocaine, Case # 04-CF-37519; and 2) Sale of cocaine within 1000 feet of a church, Case # 04-CF-39825.

The *Shepard* facts establish that these two cases occurred on the same day, October 1, 2013, by the same agency, Melbourne Police Officers.  PSR ¶¶ 69-70. The government fails to establish that these two offenses were separate offenses for the purpose of enhancing Mr. Johnson's sentence under ACCA. Thus, the Court should reject the enhancement based on these two convictions.

### Nature and Circumstances of the Offense

The facts of this case are set forth in paragraphs 12 through 20 of the PSR.  In sum, from May 21, 2016 through June 29, 2016, Mr. Johnson met with a confidential informant on four separate occasions where he sold firearms and small quantities of drugs to the same confidential informant.  PSR ¶¶ 12-20.  During each of these occasions, Mr. Johnson was under the influence of illicit substances.    Mr. Johnson is a convicted felon and thereby is precluded from possessing a firearm.

### Mr. Johnson's History and Characteristics

Paul Johnson came into this world, born to drug addicted parents, Paul Johnson, Sr., and Cheryl Robinson.  Mr. Johnson and his three sisters Quantesha, Angel, and Nakia were all born about one year apart, between January 1979 and December 1981.  As an infant he was abandoned and dropped at his paternal grandmother's home, along with his three sisters. PSR ¶¶ 113-114.  They were very close to each other and their grandmother,

and their parents would occasionally come by and see them at their grandmother's home[1]. Ex. A. However, Mr. Johnson and sisters at an early age realized that they could not depend on any adult to assist in their raising.

Mr. Johnson lacked parental guidance; his parents were constantly jailed for drugs and violent offenses, and his grandmother lacked resources to care for her grandchildren. PSR ¶ 115. Paul Johnson, Sr., was in and out of prison from 1984 to 2006[2] and while he was incarcerated, Paul's mother often had a "boyfriend" often times too busy to care for her children. Ex. B. Mr. Johnson's mother was later murdered by one of these "boyfriends." Prior to his mother's death, Mr. Johnson sought to steer clear of his parent's path in life, he had dreams of being successful. PSR ¶ 114. His sisters too had dreams of success. His sister's dreams were infiltrated with nightmares when they were raped by their paternal uncle under the care of their grandmother. Ex. A. During this time, Mr. Johnson was aware of the violation that his sister had endured and felt defenseless. Counseling was not available and Mr. Johnson was left to deal with this hurt and rage of not being able to protect his sisters on his own.

Unfortunate, but not all together surprising, Mr. Johnson and his siblings all began to have contact with law enforcement at early ages. Quantesha had her first encounter with law enforcement around age 14, Angel around age 13, Nakia around age 14, and Mr. Johnson around age 13. Mr. Johnson being the only male and lacking a father figure took to the streets after the violent death of his mother in 1991. His mother

---

[1] Ex. A.- Letter from Nakia Robinson.
[2] Ex. B.- Florida Department of Corrections report for Paul Johnson, Sr.

7

was murdered by her boyfriend who shot her in the head and left her naked to die in an alley.  Ex. A.  The police officers took Mr. Johnson's grandmother and her four grandchildren to the alley to identify the body.  *Id.*  Mr. Johnson was ten at the time; he felt helpless.  Without financial resources, his grandmother was unable to provide the crucial counseling to all of her grandchildren after the death of their mother.  PSR ¶ 114. Nakia received counseling, but Mr. Johnson suffered in silence.  This is also around the time Mr. Johnson's grades declined and he dropped out of school in the eighth grade. He would later earn his GED while incarcerated.

In 1998, Mr. Johnson again experienced loss and suffering. His 17 year old sister, Angel, was murdered by her boyfriend's brother, Wydell Evans. Angel was shot in the chest and driven around for hours, while the other four individuals in the car panicked afraid of the murderer; only to arrive at the hospital minutes before her death.  Evans was ultimately convicted and sentenced to death for Angel's murder. The family recently learned that Mr. Evans has been commuted to a life sentence, opening old wounds for them all. At 18, Mr. Johnson was unable to protect his sister and again received no counseling to deal with this tragedy.

Four years after his sister's death, Mr. Johnson's grandmother, Dolly Johnson, died from diabetes complications in 2002. Mr. Johnson and his sisters were now completely on their own, since their father was again in prison serving a five year sentence. They had each other, but each had problems of their own.  Mr. Johnson and his

sibling have endured extreme trauma that most humans will never experience; his sister Nakia states "we are truly messed up individuals." Ex. A.

Like his parents, Mr. Johnson readily admits he has a substance abuse problem, that he is a drug addict, and that he has been for a very long time[3].  Ex. C.   He has never received the intense treatment he needs.  Even though he participated in a six month Modalities program while incarcerated in state prison, he does not feel it helped him.  Mr. Johnson realizes that he uses illegal substances to ease his emotional pain and he wants help for his addictions, and counseling to deal with his childhood trauma and the loss of his loved ones.  It is unknown why his parents turned to drug use but it is clear that their offspring used illicit substances as a result of learned behavior and a means to cope with the hurts experienced in the past.

Mr. Johnson turns to this Court and begs for mercy.  In federal custody, Mr. Johnson is hopeful that he will get the treatment that he desperately needs so that he may return home and support his fiancée and the children he has helped raise[4]. Although he was raised without parental guidance, Mr. Johnson seeks to be the father figure he never had.

### Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

The sentence imposed must be sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment to

---

[3] Ex. C- Letter from Paul Johnson, Jr. and family photos.
[4] Ex. D- Letters from Janelle Carpenter, her doctor, and children.

Mr. Johnson for his actions.   The seriousness of the offense is reflected in the base offense level and specific offense characteristics outlined in U.S.S.G. § 2K2.1.   As described in the legislative history of Section 3553(a):

> "This purpose—essentially the "just deserts" concept—should be **reflected** clearly in all sentences; it is another way of saying that the sentence should **reflect** the gravity of the defendant's conduct. From the public's standpoint, the sentence should be of a type and length that will adequately **reflect**, among other things, the harm done or threatened by the **offense**, and the public interest in preventing a recurrence of the **offense**. From the defendant's standpoint the sentence should not be unreasonably harsh under all the circumstances of the case and should not differ substantially from the sentence given to another similarly situated defendant convicted of a similar **offense** under similar circumstances."

S.Rep. No. 98–225, at 75–76, 1984 U.S.C.C.A.N. at 3258–59.

The United States Sentencing Commission considered the seriousness of possessing of a stolen firearm by a convicted felon when fashioning the 2K2.1 guideline.

The Court is also required to consider whether the punishment will promote respect for the law.   In consideration of this requirement, Mr. Johnson directs the Court to his admission of guilt without the benefit of a plea agreement.   Mr. Johnson displayed his respect for the law when he, without hesitation, confessed to his criminal action. Additionally, he promoted his respect for the law by failing to waste judicial resources and accepting his guilt.

### *Conclusion*

Mr. Johnson begs upon the Court to consider varying from the applicable guideline range and fashioning a sentence below the guidelines.   Given Mr. Johnson's

history and characteristics, a guideline range would be "greater than necessary, to comply

[with the goals of sentencing established by Congress]." 18 U.S.C. § 3553(a).

DATED this 12 day of May, 2017.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*s/ Alisha Marie Scott*
Alisha Marie Scott
Assistant Federal Defender
Georgia Bar No. 806033
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: alisha_marie_scott@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that undersigned electronically filed the foregoing

*Sentencing Memorandum* with the Clerk of Court (CM/ECF) by using the CM/ECF

system which will send a notice of electronic filing to the following: Shawn Napier,

Assistant United States Attorney, this the 12 day of May, 2017.

*s/ Alisha Marie Scott*
Alisha Marie Scott
Assistant Federal Defender

11

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 6:16-cr-221-Orl-18DCI** |
| | ) | |
| **PAUL R. JOHNSON, JR.** | ) | |
| | ) | |

---

## APPENDIX

---

*Letter from sister Nakia Robinson* ..........................................................................A

*Florida Department of Corrections report for Paul Johnson, Sr.* .........................................B

*Letter from Paul R. Johnson, Jr. and family photos* .............................................................C

*Letters from fiancé Janelle Carpenter, her doctor, and children* .........................................D

Honorable Judge Kendall Sharp
Orlando, Florida

Ex. A

Dear Judge Sharp,

I am writing on behalf of my brother, Paul Johnson Jr, who will appear
before you on May 17 to be sentenced.  My brother needs help, not
prison. I would recommend drug rehab because he has a drug problem.
I don't think he's a real criminal, he's a drug addict. I know if I was bad
on drugs, I might do anything to get it. It's a real sickness. I've seen it.

No one really knows Paul's and my situation. He always wants to support
and protect his family. I was in an abusive relationship and Paul was my
protector because he already lost a mother and a sister by murder. My
mom, Cheryl Robinson, was a good mom even though she was on crack
cocaine, and my father also had a crack addiction.  We lived with our
grandmother, Dolly Johnson, all our lives, then me and my sisters were
raped by my dad's brother when I was seven years old while in my
grandmother's custody.

My mom found out three years later and said she was going to change
her life, quit using drugs and get us back into her custody. But before
she could come back, her boyfriend killed her, shot her in the head and
left her for dead, naked in an alley. We went with my grandmother to
identify the body. That was the saddest and scariest, most devastating
day in my life.

Seven years later my sister, Angel Johnson, got killed by her
boyfriend's brother. She was shot in the chest in the back seat of a
car with four others besides herself. They rode around for hours while
she gasped for breath and then she died as soon as she finally got to
the hospital. Her death devastated our family, we've never been the
same, and her killer is on death row.

Four years after my sister was murdered, the only person we had left to save us from our nightmares, problems and situations, our grandmother, passed away at the hospital from Diabetes right in front of our eyes.

So, you see, Judge Sharp, trusting others with our lives can never happen. We were failed by so many people until we only started trusting ourselves. We had nobody else. We lost so many people and our outcomes really prove that we are truly messed up individuals. But in reality all we want is help for our hurt, pain and sorrows so we can become better people.

I feel like jail doesn't help my brother's situation. I feel like God and rehab is the only thing that can help him and save his life.  I read the Bible a lot, and I have faith in God who teaches us to forgive and not be judgmental.  I pray that you will have mercy on my brother.  His family loves him and needs him, as much as he needs help for his drug addiction.

I know there are programs that can help my brother, and I'm asking that you send him to one if you can.

Thank you for reading my letter.



Nakia Robinson
Melbourne, Florida
Ph: 321-682-0213





**Florida Department of Corrections**
Julie L. Jones, Secretary

Rick Scott, Governor

## Corrections Offender Network
*Inmate Release Information Detail*

# Ex. B

(This information was current as of 10/2/2012)

| | |
|---|---|
| **DC Number:** | 042501 |
| **Name:** | JOHNSON, PAUL R |
| **Race:** | BLACK |
| **Sex:** | MALE |
| **Hair Color:** | BLACK |
| **Eye Color:** | BROWN |
| **Height:** | 5'08" |
| **Weight:** | 157 lbs. |
| **Birth Date:** | 10/17/1958 |
| **Custody:** | MINIMUM |
| **Release Date:** | 10/02/2012 |

**Stated Residence Upon Release:**

2400 WOODLAKE DRIVE
PALM BAY FL 3290532905

**Aliases:**

| | |
|---|---|
| PAUL JOHNSON | PAUL R JOHNSON |
| PAUL RANDOLPH JOHNSON | TONY ROCKWELL |

**Current Prison Sentence History:**

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 10/03/2008 | MARIJUANA-SALE/MANUF/DEL | 01/03/2011 | BREVARD | 0854310 | 2Y 6M 0D |

*Note: The offense descriptions are truncated and do not necessarily reflect the crime of conviction. Please refer to the court documents or the Florida Statutes for further information or definition.*

**Incarceration History:**

| Date In-Custody | Date Out-Custody |
|---|---|
| 04/10/1984 | 07/02/1986 |
| 07/22/1988 | 04/03/1989 |
| 04/01/1991 | 11/01/1995 |
| 03/07/1997 | 05/05/1998 |
| 02/04/1999 | 04/23/1999 |
| 12/19/2003 | 12/16/2006 |
| 01/07/2011 | 10/02/2012 |

**Prior Prison History:** (Note: Data reflected covers periods of incarceration with the Florida Dept.of Corrections since January of 1983)

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 09/24/1983 | ROBB. NO GUN/DDLY.WPN(ACCESSORY) | 03/16/1984 | BREVARD | 8302433 | 4Y 6M 0D |
| 10/14/1983 | ROBB. NO GUN/DDLY.WPN | 03/16/1984 | BREVARD | 8302434 | 4Y 6M 0D |
| 07/02/1981 | AGG BATTERY/W/DEADLY WEAPON | 06/16/1988 | BREVARD | 8101312 | 4Y 6M 0D |
| 01/17/1988 | RESISTING OFFICER W/VIOLEN. | 06/16/1988 | BREVARD | 8800300 | 4Y 6M 0D |
| 06/28/1990 | COCAINE-POSSESS | 01/30/1991 | BREVARD | 9011342 | 5Y 0M 0D |
| 10/20/1990 | BURGLARY,ARMED W/EXP. OR WEAPO | 03/12/1991 | BREVARD | 9019228 | 7Y 0M 0D |
| 10/20/1990 | ROBB. GUN OR DEADLY WPN | 03/12/1991 | BREVARD | 9019228 | 7Y 0M 0D |
| 09/05/2000 | DRIV W/LIC S/R/C/D FELONY | 11/25/2003 | BREVARD | 0042385 | 5Y 0M 0D |
| 12/06/2000 | DRIV W/LIC S/R/C/D FELONY | 11/25/2003 | BREVARD | 0044078 | 5Y 0M 0D |
| 04/06/2002 | DRIV W/LIC S/R/C/D FELONY | 11/25/2003 | BREVARD | 0261389 | 5Y 0M 0D |

Honorable Judge Sharp                    Ex. C

      I Paul Randolph Johnson Jr would like to apologize for my actions and the crimes that I have comitted. And not only do I accept responsibilities and apologize to the court and my family, but I also vow not to ever do it again. I apologize for the money and time the courts has put into starting and ending this process. I would like for you to please take into consideration that it was my addiction that has led me into comitting these crimes. "Your Honor," I need help.

                     Paul R Johnson Jr

# PAUL JOHNSON FAMILY PHOTOS



**Paul and Fiancee Janelle Carpenter and their children;
Jekiya, Jeniyla, Leonard, Leona and Layla**



**Paul Johnson and daughter, Ariana Dalvin**

Ex. D

*Honorable Judge Kendall Sharp*
*Orlando, Florida*

*Dear Judge Sharp,*

*Hello, my name is Janelle. I am the soon to be wife of Paul Johnson, who will appear before you soon to be sentenced. I am 31 years old and the mother of five children; Jekiyah (14), Jeniyla (13), Leonard (11), Leonah (8) and Layla (7). I currently cannot work because I had to start dialysis in December of 2016, and I have to go three times a week now. I attend Apostolic Revival Center Church every Sunday and volunteer every other Saturday with the children's program.*

*I've been with Paul for five years and in those years Paul has helped me tremendously. He helps me pay the bills and he watches the kids while I'm in the hospital. He's a good person at heart, an awesome father, and a God-fearing man. He would lay his life on the line to provide for and protect his family. He loved to get up and go to work at Flawless Lawncare (a landscape company). He's just a well-liked person who everybody wants to be around.*

*I know what Paul has done was wrong and I also know that for every action there is a consequence. But I also believe in second chances. I'm asking for you to find it in your heart to be lenient with Paul so he can come home soon, before my condition gets worse. I need him to help support our family, because I won't be able to do it much longer. I need him to help me bring up our children like he has been doing for the past few years. We all love him and we miss him.*

*Since Paul has been locked up, he has changed. I believe he has learned his lesson and he will be a better man when he comes home. Please find it in your heart to have mercy on Paul. Thank you for taking the time to read my letter.*

*Janelle Carpenter*
*1453 Barton Avenue NW*
*Palm Bay, FL 32907*

# FRESENIUS
# KIDNEY CARE

May 10, 2017

Dear Mrs. Mercer,

This letter is to confirm that Janelle Carpenter has End Stage Renal Disease and requires hemodialysis three times a week to sustain her life. She is currently under the care of nephrologist, Vishnu Patel, M.D and being treated at Fresenius Kidney Care located at 1355 Palm Bay Rd. Melbourne, FL 32905. Her current dialysis schedule is every Monday, Wednesday, and Friday from 10:20am to 2:20pm.

Sincerely,

Glyna S. Rodgers, LCSW
Nephrology Social Worker
Fresenius Kidney Care – Brevard 4718

Dear Honorable John Sheap,

    Hi, name is ███████, I am 14 years old, I'm in the 8th grade, I'm the oldest of Paul Johnson, which is my daddy. My daddy helps me do my homework, he helps me with my steps because I am on the step team at my school, Stone Magnet Middle School. He is the best dad I have and I want him to come home. I want my daddy to come home because I love and miss him. He been away for almost a year. I want him to be with me on my birthday in June. Its kinda hard to live without my daddy, especially for my mommy. Its hard for my mommy to take of us 5 kids by herself without him, we want him to come home as soon as possible.

                        Love,
                  J████████

Dear, Honorable Judge
                    Sharp

Hello my name is J███████ my dad
name is Paul Johnson I'm the 2
oldest of us five im and the
6 grade im 13 years old this is
my last year in elementerschool I
go to discovery I miss my dad
so much when my mom is at
work he takes us the Park
or the Pool he takes us out
to ect on weekends he helps
me with my reading and math
when I need help. wh.....
Dain..... .....

                    Love,
                    J███████

Dear honorable Judge ~~Sheep~~ *Sharp*
I am the onley Boy of
Paul Johnson. I am 11 years Old
I am in the 3rd ~~~~, and
I love Paul Because he take
Care of us when my mom
is at work. he take care
the house and pay Bills. ~~~~
Please let Paul come home
he is the Best Stepdad ever


Love,

█████████ ██

Dear HOnorable Judge Sharp

Hello my name is L███ my 8
years old My in 2 grade Pawl Johnson
is my Dad I sing in the
childrens choir at apostale
revial center.
My Dad is a good Daddy I miss him
he takes care of me when my mom
is in the hospital. He takes us out
On the weekends. I know my
Daddy bid Something Bad But please
gave he a another chance

Love: L███████

Dear Honorable Judge Sharp hello my name is █ I'm am the smallest of the Bunch. I'm 7 years old. I'm in the first grade I really miss my Dady I Love him so much he help my mommy when she is in a lot of pain. he help me with my homework he takes me to the park Please Let my Daddy come home with us

Love ; █