UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                            CASE NO: 6:16-cr-221-Orl-18DCI

PAUL R. JOHNSON, JR.

---

### ORDER

This cause came on for consideration on Defendant Paul. R. Johnson, Jr.'s ("Johnson") Motion for Clarification/Motion for Transportation (Doc. 42), to which Plaintiff United States of America filed a response in opposition (Doc. 43). For the reasons that follow, Johnson's motion will be denied.

### I. BACKGROUND

Indisputably, Johnson was taken into state custody prior to being indicted in federal court. (Doc. 42 at 1; Doc. 43 at 1.) In order to answer the federal charges, Johnson was transported from state custody to federal custody. (*Id.*) After Johnson pled guilty to the charges in the indictment, he was sentenced by this Court to 180 month imprisonment. (*Id.*; *see* Doc. 40.) After his federal sentence was imposed, Johnson was transported back to state custody. (Doc. 42 at 1; Doc. 43 at 1.) Johnson was subsequently sentenced to 84 months in the Florida Department of Corrections to run concurrent with his federal sentence. (Doc. 42 at 1; Doc. 43 at 1-2.) Now, Johnson requests that the Court clarify whether he should be in federal custody and order the Florida Department of Corrections to transport him to federal custody. (Doc. 41 at 1-2.)

### II. LEGAL STANDARD

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] §2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). In contrast, a challenge to a Bureau of Prisons regulation or policy is properly brought pursuant to 28 U.S.C. § 2241. *See Lopez v. Davis*, 531 U.S. 230, 232-34 (2002) (addressing a challenge to a Bureau of Prisons regulation brought

pursuant to § 2241). "After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." *United States. v. Wilson,* 503 U.S. 329, 335 (1992). Thus, the Bureau of Prisons computes sentence credit awards after sentencing, and "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Flanagan,* 868 F.2d 1544, 1546 (11th Cir. 1989). Further, the Bureau of Prisons has the task and discretion to "designate the place of the prisoner's imprisonment . . . whether maintained by the Federal Government or otherwise . . . ." 18 U.S.C. § 3621(b).

### III. ANALYSIS

Johnson is not challenging the actual sentence imposed by the Court. Further, Johnson was first taken into state custody, and he is currently in state custody. Most notably, Johnson has not filed a habeas petition under 28 U.S.C. § 2241, nor has he provided evidence that he exhausted his Florida Department of Corrections or Bureau of Prisons administrative remedies. At this time, Johnson's request for relief is premature, and this Court thus lacks jurisdiction over Johnson's request for relief. Accordingly, Johnson's motion will be denied.

### IV. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff Paul R. Johnson, Jr.'s Motion for Clarification/Transportation (Doc. 42) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this _____ day of September, 2017.

                                                                         **G. KENDALL SHARP**
                                                                         SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Unrepresented Parties